IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| XAVIER CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1823C |
| v. | ) | (Judge Futey) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(b) and (h)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits that the following facts material to its motion for partial summary judgment are uncontroverted.

1. The Volunteer Army Ammunition Plant ("VAAP") is a Government-owned, contractor-operated ("GOCO") Army facility located in Chattanooga, Tennessee. It was established during World War II. Compl. ¶ 4.

2. The VAAP consists of approximately 7,000 acres and 405 buildings, including some out-of-service sulfuric acid production and concentration facilities. Compl. ¶ 5. The facility also contains approximately 23 miles of railroad tracks and 83 miles of roads. Id. ¶ 6.

3. Various contractors have operated the VAAP for the Government since 1952. ICI Americas, Inc. ("ICI") was the operating contractor from November 1994 through December 1998. Compl. ¶¶ 7, 14, 17; see App. 1-13.

4. In July 1996, ICI entered into a subcontract, entitled a Facilities Use Agreement ("FUA"), with plaintiff, Xavier Chemical Company ("Xavier"). Compl. ¶ 10. The executed subcontract is reproduced in the Government's accompanying appendix at pages 25 through 46; see also App. 14-24 (facilities use proposal submitted to Army for plaintiff).

5. On approximately August 17, 2000, the Army notified Xavier in writing that Xavier's check for its annual usage fee, paid to Tecumseh Professional Associates (a successor of ICI), was returned for insufficient funds. App. 49-52. Xavier paid its usage fee with interest on September 14, 2000. App. 56-57.

6. In or about November 2000, Xavier allowed or caused railroad cars carrying sulfuric acid to enter and remain inside the boundary of the VAAP. App. 61-67. On or about December 1, 2000, the Army transmitted to Xavier the correspondence concerning those railroad cars reproduced in the Government's appendix at page 65. In August 2001, Xavier once again caused or allowed railcars carrying acid to enter and remain within the VAAP. App. 77.

7. In approximately August 2001, Xavier did not timely pay an insurance premium for its activities at the VAAP, and on August 14, 2001, the Army received from Willis of Tennessee, Inc., an insurance company, the notification reproduced in our appendix at page 74-75 that the policy would be canceled.

8. As of August 17, 2001, when the Army terminated Xavier's license to enter and use the VAAP, Xavier had not paid its 2001 annual VAAP usage fee or insurance premium. App. 76-78; see also Compl. ¶¶ 38-39 (not alleging payment of fee).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

CAPT. TIMOTHY J. RYAN
Trial Attorney
U.S. Army Litigation Center
Contract Appeals Division
Arlington, VA

October 3, 2003