**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| XAVIER CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil Action No. 03-1823C<br>Judge Futey |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE THE DECLARATION OF HARVEY MILAM AND THE AMENDED DECLARATION OF TED J. KOWALSKI, JR.**

Plaintiff Xavier Chemical Company ("Xavier") hereby respectfully requests the Court for leave to file the Declaration of Harvey Milam and the Amended Declaration of Ted J. Kowalski, Jr., which are attached as Attachments A and B to this Motion. The grounds for Xavier's motion for leave are set forth in Plaintiff's Memorandum In Support of its Motion for Leave to File the Declaration of Harvey Milam and the Amended Declaration of Ted J. Kowalski, Jr., which is being submitted together with this Motion.

Counsel for Defendant has authorized counsel for Xavier to state that Defendant does not oppose the grant of this Motion.

Respectfully submitted,

s/ Robert K. Huffman

Robert K. Huffman
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
202/626-5824
202/628-0858 Facsimile

Counsel for Plaintiff

*Of Counsel:*
Lisanne E.S. Cottington
Alexa Zevitas
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
202/626-5883
202/628-0858 Facsimile

Dated: December 8, 2003

# ATTACHMENT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| XAVIER CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 03-1823C<br>Judge Futey |

**DECLARATION OF HARVEY MILAM**

I, Harvey Milam, declare and state as follows.

1. I am the President of Condor Insurance Limited. My business address is Temple Building Suites 10-11, Main and Prince William Street, Charlestown, Nevis, West Indies. Unless otherwise stated, the facts and information set forth herein are based upon my personal knowledge.

2. Condor Insurance Limited issued a surety bond in January 1999 on behalf of Xavier Chemical Company for the benefit of ICI Americas, Inc. and subsequently the United States Army. Condor verified the coverage transfer to the United States Army upon the Army's takeover of ICI's relationship with Xavier during the initial premium period.

3. The surety bond was renewed for two annual terms and was in effect until December 2001. The bond and extensions were facilitated through Condor's representative in Tennessee, Stockton Fuller & Co.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746. Executed this 3rd day of December, 2003.

Harvey Milam

# ATTACHMENT B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| XAVIER CHEMICAL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil Action No. 03-1823C<br>Judge Futey |

**AMENDED DECLARATION OF TED J. KOWALSKI, JR.**

I, Ted J. Kowalski, Jr., declare and state as follows.

1. My address is 4820 Hickory Mill Drive, Smyrna, GA 30082. I am the President of Xavier Chemical Company. Unless otherwise stated, the facts and information set forth herein are based upon my personal knowledge.

2. Appendix A of Xavier's Facilities Use Agreement ("FUA") includes Building 101, "Acid Storage & Related Loading Facilities," as one of the facilities that Xavier has license to use. Building 101 is a terminalling, storage, and loading facility.

3. Pursuant to a December 18, 1998 agreement and amendment to the FUA between Xavier and ICI Americas, Inc. ("ICI"), Xavier posted a Supplemental Surety Bond as a source of funds to satisfy annual rental payments due under the FUA. A copy of the December 18, 1998 agreement and the Supplemental Surety Bond are attached as Exhibit 1 to this Declaration. Xavier renewed the Supplemental Surety Bond for 2000 and 2001. The amount of the Supplemental Surety Bond was sufficient to satisfy Xavier's August 2001 rental payment.

4. During 2001, Xavier bought a new pollution insurance policy from ECS to replace the pollution insurance policy that Xavier had originally purchased from ECS through Willis of Tennessee to satisfy the requirements of the FUA. Copies of correspondence related to the new insurance policy are attached as Exhibit 2 to this Declaration. It is my understanding that the new policy took effect upon the expiration of the old policy, and that there was no lapse in coverage.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746. Executed this 4th day of December, 2003.

Ted J. Kowalski, Jr.

# EXHIBIT 1

Aug-20-01 02:20P P. 1

**ICI Americas Inc.**

**Government Operations**
6703 Bonny Oaks Drive
P.O. Box 22608
Chattanooga, TN 37422-2608
Telephone: 423-855-7256
Fax: 423-855-7270

December 18, 1998

VIA FACSIMILE

Mr. Ted Kowalski
Xavier Chemical Company
2555 Cumberland Parkway, Suite 170
Atlanta, GA 30339

Dear Mr. Kowalski:

In accordance with your letter dated December 15, 1998 and the Facilities Use Agreement between ICI Americas Inc. (ICI) and Xavier Chemical Company (XCC) dated July 6, 1996, the following terms and conditions will applied to the Facilities Use Agreement:

1. ICI acknowledges receipt of three checks by XCC totaling $65,892.96 on November 30, 1998 and December 3, 1998 for outstanding payments required under the terms of the Facilities Use Agreement.

2. XCC will post no later than January 15, 1999, a supplemental Security Bond in the amount of $350,000.00 in addition to the $6,700,000.00 Construction Bond with Earth Tech, Inc. that is currently in place. This Security Bond will provide additional monetary security in the event of any default under the Facilities Use Agreement and will replace the Security Deposit stated in Article 5 of the Facilities Use Agreement.

3. ICI will return ~~$60,000.00~~ $ 70,000.00 12/18/98 CSS of the $120,000.00 Security Deposit to XCC. The remaining ~~$60,000.00~~ $50,000.00 TJK 12/18/98 12/18/98 CSS will be kept by ICI and used to pay the remaining maintenance obligations, late fees or other charges due or incurred under the Facilities Use Agreement prior to December 31, 1998.

In consideration for the items listed in paragraph 1, 2, and 3 of this letter (assuming the checks described in paragraph 1 are honored by XCC's bank), ICI will rescind the Notice of Termination that was sent to XCC on October 13, 1998; and ICI acknowledges that XCC has cured all of the default items that were outlined in the Notice of Default sent to XCC dated September 2, 1998.

~~4. XCC releases ICI from any and all claims and responsibilities of every kind whatsoever, arising on or before December 31, 1998, except as expressly provided herein.~~ 12/18/98 CSS

If XCC is in agreement to the above terms and conditions please acknowledge below and return to ICI.

Sincerely,

[signature]

Charles S. Saunders
Vice President - Government Operations

ACKNOWLEDGEMENT

[signature]

Ted J. Kowalski, Jr.
President
Xavier Chemical Company

Aug-20-01 02:20P

# XAVIER CHEMICAL COMPANY

January 25, 1999

Mr.Charles Saunders
V.P. Government Operations
6703 Bonny Oaks Drive
Chattanooga, Tennessee 37422
Mail: P.O. Box 22608
Chattanooga, Tennessee 37422-2608

Dear Sid:

As we discussed on January 12, 1999 we are making the changes to the Surety Bond (consistent with our December 18, 1998 amendment to the Facilities Use Agreement) following your review of this documentation. In addition, due to the necessity of additional time for the surety to provide an amended Bond, we mutually agreed on 1/12/99 to extend the deadline for posting of the Bond. Under item #2 of the December 18,1998 Amendment to the Facilities Use Agreement, we have agreed to amend this deadline for posting the Bond to Friday, January 29, 1999.

Please acknowledge below ICI's agreement to the above revision to the terms and conditions of the December 18, 1998 Amendment to the Facilities Use Agreement and return to XCC.

Sincerely,

Ted J. Kowalski, Jr.
President

ACKNOWLEDGEMENT

S/ Charles S. Saunders
Vice President – Government Operations
ICI Americas Inc.

2470 Windy Hill Road, Suite 300 • Marietta, Georgia 30067
Tel: 770-933-5356 Fax: 770-618-3043

Aug-20-01 02:20P

# Condor Insurance Limited

## SURETY BOND

US $350,000.00

*(Three Hundred Fifty Thousand U.S. Dollars)*

TO: ICI Americas, Inc.,

In consideration for the security deposit referred to in the Facility Use Agreement, Article 5a, entered into between yourself and Xavier Chemicals Company., on the 6th day of July, 1996 and amended on the 18th day of December, 1998., to be alternatively secured by the provision of a surety bond as follows;

**WE DECLARE**

**KNOW ALL MEN BY THESE PRESENTS:**

that Xavier Chemical Company as Principal and Condor Insurance Limited as Surety, authorized to this Payment Surety Bond. The surety is held firmly bound unto you as Obligee, to which payment will be made, we bind ourselves, our heirs, executors, administrators and successors, jointly and severally, firmly by these presents, subject to the terms and conditions hereinafter following in the Surety Bond.

**WHEREAS**, the Principal has requested of the Surety that it obligate itself as Surety with respect to the payment of a sum not to exceed $350,000.00 (Three Hundred Fifty Thousand U.S. Dollars) and the Surety is willing to so obligate itself, subject to the terms and conditions hereafter set forth, the payment of premium and other considerations.

**NOW THEREFORE**, the condition of this obligation is such that if the above named Principal shall pay the Obligee in accordance with the terms of the Facility Use Agreement. This bond will provide additional monetary security in the event of any default under the Facility Use Agreement and replaces the security deposit stated in Article 5 thereof. Upon payment or performance of the obligation to ICI by the Principal the effective dates of this Surety Bond, and the obligation hereunder shall be null and void, otherwise it shall be irrevocable and remain in full force and effect until such payment or performance is made, further subject, however, to the following provisions, terms and conditions:

1. **Definitions**

   a) *"Default"* shall mean failure by the Principal to (i) make payment or otherwise perform an obligation under the Facility Use Agreement when due to the Obligee on the Agreement, and (ii) cure such nonpayment or nonperformance on or before the date which is thirty (30) days after the date upon which such payment or performance was due.

   b) *"Limit of Liability"* shall mean the amount hereinabove designated as such, which shall be the Surety's maximum liability under this Surety Bond.

   c) *"Loss"* shall mean any amount due and payable under the Facilities Use Agreement which is in default, including interest to be calculated at the rate specified in the Facility Use Agreement, from the day interest began to accrue until the day on which the Surety pays such Loss thereunder in accordance with Section 8.

Aug-20-01 02:20P

**2. Default**

Upon the occurrence of Default, the Obligee shall be entitled to make a claim under this Surety Bond in respect of the due amount arising by reason of such Default and the Surety shall pay to the Obligee in due course and in accordance with the following points:

**2.1 Obligee's Right in Case of Default**

In the event of the Principal failing to pay the Obligee any amount or perform as per the above mentioned Facility Use Agreement, which said Agreement is attached hereto and made a part hereof, the Surety shall undertake irrevocably and unconditionally, without regard to the legal validity of the the Facility Use Agreement, to indemnify the Obligee for One Hundred Percent (100%) of the amount due the Obligee and interest up to the maximum amount of Three Hundred Fifty Thousand United States Dollars (US $350,000.00) and in addition, all costs, interest and damages arising from the Default by the Principal to pay or perform.

**2.2 Surety's Right in Case of Default**

Surety shall have the option to cure a Default under the Facility Use Agreement by paying to the Obligee unpaid principal, interest and other related expenses within sixty (60) days of its receipt of written notice at its offices of Default thereunder in accordance with the provisions of the Facility Use Agreement, including any payment thereafter due, if such Agreement is subject to acceleration by the terms thereof. However, should the Obligor fail to pay the Obligee within the sixty (60) days, plus all expenses related to the Default, then the Surety shall have the option to exercise the rights of acceleration and seizure of any and all pledged assets for the total debt of the Facility Use Agreement as contemplated in point 2.1.

**3. Assignment**

The present document is not transferable, except for Obligee upon written notice.

**4. Payment of Premium and Cancellation**

The premium hereunder shall be payable upon the execution and delivery of this Surety Bond and shall be non-refundable. This Surety Bond is null and void "ab initio" in the event of non-payment of premium, which premium is payable by separate agreement.

**5. Notice of Default**

The Surety hereby accepts that the claim made by the Obligee containing their confirmation that payment has not been effected by the Principal will be considered as sufficient proof of Default. Upon the expiration of the first three (3) months of the Surety Bond and after the Principal's Default, a written notice thereof shall be given to the Surety by the Obligee no later than sixty (60) days after Default unless the Surety agrees in writing to extend the time for filing of a claim with respect to such Default. Notice of Default shall be a signed affidavit stating the date payment or performance was due under the Facility Use Agreement, the damage or injury resulting from nonperformance or nonpayment, the amount representing interest accruing each day. All notices, applications, demands and requests provided for in this Surety bond shall be in writing and addressed to:

THE SURETY AT:

Condor Insurance Limited
c/o Lipsitz, Nassau, Schwartz etc.
1100 Fifth Avenue
Pittsburgh, Pa 15219

Aug-20-01 02:21P

THE OBLIGEE AT: ICI Americas, Inc.
Volunteer Army Ammunition Plant
Chattanooga, TN 37244

THE OBLIGOR AT: Xavier Chemicals Inc.
2555 Cumberland Parkway, Ste. 170
Atlanta, GA 30339
(770) 433-9913 telephone
(770) 433-0279 telefax

6. **SERVICE**

The Obligee shall exercise normal prudent business practice in effecting enforcement of obligations under the Facility Use Agreement. This Surety bond is rendered void upon the discovery of fraud or misrepresentation on the part of the Principal and/or Obligee or their representatives in the negotiation and/or consummation of the Facility Use Agreement and/or documents which constitute any part of the Facility Use Agreement between the Obligee and Principal.

7. **Subrogation**

Upon and to the extent the Surety has made payment of Loss under this Surety Bond, the Surety shall be subrogated to all of the Obligee's titles, rights and actions against the Principal and any other person or organization liable to Obligee under the terms of the defaulted Facility Use Agreement and in connection with the payment made by other parties, including insurers. At the request of the Surety, the Obligee shall execute and deliver all instruments and papers and do whatever else may be necessary to transfer, assign and secure such rights and the Obligee shall do nothing to prejudice such rights. The execution by the Obligee of a release, satisfaction or waiver of the right to collect the unpaid balance of the Facility Use Agreement shall equally release the Surety from any further obligation under this Surety Bond. Any specific assets referenced by addendum to this Surety Document held by Obligee shall be immediately released by the Obligee or the attorney charged with the responsibility of acting as depository of this Surety Agreement.

8. **Proof of Payment of Loss**

In accordance with Section 5, Notice of Default shall constitute proof of loss hereunder. The Surety shall pay Loss hereunder not later than sixty (60) days after the giving of notice of Default and after the notification by the Obligee in writing to the Surety's offices. Loss shall be paid at the address of the Obligee set forth in Section 5.

9. **Access to Records**

The Surety may, in case of Default, have the right to examine or copy any of the Principal's books, records, accounts, documentation or other information in the possession or under the control of the Principal relating to or connected with the subject of the Surety.

10. **Choice of Law**

It is understood and agreed that in the event of any claim whatsoever under this Surety Bond, payment shall be made to the Obligee in accordance with Section 5. Any dispute will be resolved by arbitration under the State of Georgia's jurisdiction and decided upon according to the laws of the United States. The place of performance and jurisdiction is the State of Georgia, United States of America, but the Obligee has the right to take legal action against the

Aug-20-01 02:21P

insurers in the jurisdiction where the reinsurers are domiciled or any other competent jurisdiction

Any payment made by the Reinsurer under this clause shall relieve the Reinsurer of liability under the Reinsurance agreements to the extent of such payment. In no event shall the Reinsurer be subject to duplicate liability.

This clause applies only to the perils provided in this Bond

11. Other Coverages

Any obligation of the Surety hereunder shall be in excess of any valid Bond, Insurance or other indemnity covering Loss hereunder.

12. Effective Date of Surety Bond

This Surety Bond is effective as of the 7th day of December, 1998 and shall expire at midnight on the 7th day of December 1999.

SIGNED, SEALED AND DATED the 28th day of January, 1999

Principal

Ted Kowalski, Jr.
Xavier Chemicals Inc.

SURETY

Title: Harvey Miller, Attorney-in-Fact

Seal of the Corporation

OBLIGEE

Leonard Funt F/S. Saunders

ICI Americas, Inc.

-4-

# EXHIBIT 2

INSURANCE

# FAX COVER SHEET

**XAVIER CHEMICAL COMPANY**
*3020 Roswell Road, Suite 200*
*MARIETTA, GEORGIA 30062*
*USA*

*(770) 509 - 2311 phone*
*(770) 509 - 2306 fax*

| SEND TO | |
|---|---|
| ROLAND, SLATON & STEVENS | TED J. KOWALSKI, JR. |
| VICKI CHAMPION | |
| (423) 954 - 9444 | |
| AUGUST 1, 2001 | |

☐ Urgent ☐ Reply ASAP ☐ Please comment ☒ Please review ☐ For your information

Total pages, including cover: 9 CONFIDENTIAL

**COMMENTS**

PLEASE CALL ME TO DISCUSS. THANKS.

WHAT IS THE TIMING FOR POLICIES TO BE PUT IN PLACE?
IS THERE ANY TYPE OF PAYMENT PLAN?

Our (XCC Contract w/ Army)

Insurance Requirements

1) All insurance coverages provided by the SUBCONTRACTOR under this Agreement shall contain, or be endorsed to contain, coverage of the United States Army and ICI as additional insureds (except for the Workers' Compensation Coverage) and insurance coverages will not be canceled or reduced without the insurer providing ICI with at least thirty (30) days (ten (10) days for notice of cancellation for non-payment) written notice.

2) Workers' Compensation insurance in compliance with statutory requirements and with Employer's Liability insurance of $1,000,000 and the coverage shall contain, or be endorsed to contain, a Waiver of Subrogation in favor of ICI and the United States Army.

3) Commercial General Liability (CGL) insurance written on an occurrence basis with Combined Single Limits for bodily injury and property damage of not less than $1,000,000 per occurrence and $1,000,000 in the aggregate and a deductible of not more than $1,000 per occurrence. The CGL policy shall provide coverage for Facilities Operations, Broad Form Property Damage, and Contractual Liability.

4) Automobile Liability insurance with Combined Single Limits for bodily injury and property damage of $1,000,000 per occurrance and $1,000,000 in the aggregate.

5) The SUBCONTRACTOR shall be required to be covered by Pollution Legal Liability insurance for the Facilities in an amount and type of coverage as solely determined by ICI. ICI shall cause the SUBCONTRACTOR to be endorsed on a policy provided by ICI and the SUBCONTRACTOR shall be required to pay to ICI the premium applicable to the SUBCONTRACTOR within ten (10) days after ICI's invoice date for said premium.

6) Physical Damage insurance for the Facilities at the full Replacement Cost of the Facilities expected to be $15,000,000 at the execution of this Agreement and revised annually thereafter as appropriate so that the Replacement Cost of the Facilities is adequately insured. Physical Damage insurance shall be written on an "All-Risk" basis with a deductible of not more than 20% of the insurance or $25,000, whichever is less.

b. Verification of Coverage. On or before the Closing Date, for the coverage required by this Agreement, the SUBCONTRACTOR shall deliver to ICI a Certificate of Insurance signed by a person authorized by the insurer. The receipt by ICI of an incomplete, inaccurate, or invalid Certificate of Insurance shall not relieve or decrease the liability of the SUBCONTRACTOR for its obligations under this Article 8 of this

Initials

Willis

Willis of Tennessee, Inc.
Chattanooga Division
Lockbox
P.O. Box 905647
Charlotte, NC 28290-5647
(423) 756-7821

**INVOICE**

| INVOICE DATE | INVOICE NO. |
|---|---|
| 01-AUG-2000 | 0239517 |

XAVIER CHEMICAL COMPANY
C/O THE US ARMY
P.O. BOX 22608
CHATTANOOGA TN 37422-2608

**DUE DATE**
21-AUG-2000

| ACCOUNT | LOCATION | ACCOUNT NAME |
|---|---|---|
| 013214 | 003 | The US Army |

FOR QUESTIONS REGARDING THIS INVOICE, PLEASE CALL ONE OF THE FOLLOWING
SERVICER Amanda Hunt PRODUCER T. Michael Langley, CIC

01 Transaction: Policy Renewal
Eff. Date : 01-AUG-2000
Binder : 00050015
Description: Pollution Legal Liability
Period : 01-AUG-2000 to 01-AUG-2003
Carrier : Greenwich Insurance Company
Deposit : August 2000
Premium for Env Environmental Impairment $ 14,234.00

Total for Reference 01 $ 14,234.00

First Annual Installment for ECS/Greenwich Insurance Co. Pollution Liability effective August 1, 2000/2001.

$ 14,234.00

**PLEASE RETURN THIS COPY WITH YOUR PAYMENT**

Prior Coverage

**XAVIER CHEMICAL COMPANY**

**COMMERCIAL GENERAL LIABILITY**

**CARRIER:** Greenwich Insurance Company

**POLICY TERM:** September 9, 2000 to September 9, 2001

**COVERAGE:** Subject to policy's terms and conditions, but not limited to the following:

A. ISO Occurrence Form CG0001 (07/98) - Commercial General Liability Coverage Form
B. Defense Costs in addition to the Limit of Liability
C. Absolute Pollution Exclusion
D. Asbestos Exclusion
E. Radioactive Matter Exclusion
F. Limited Products Exclusion (ISO CG2133)
G. Professional Liability Exclusion (ISO CG2243)
H. Employment-Related Practices Exclusion (ISO CG2147)
I. Broad Form Securities Exclusion
J. Superfund Exclusion

needs to be $10 MIL

**LIMITS:**

Need to change

| | |
|---|---|
| $3,000,000. | General Aggregate |
| $3,000,000. | Per Occurrence |
| No Coverage | Products and Completed Operations |
| $1,000,000. | Employee Benefits Liability |

**DEDUCTIBLE:** $ 1,000. Per Employee

**XAVIER CHEMICAL COMPANY**

**PROPERTY**

| | |
|---|---|
| CARRIER: | National Union Fire Insurance Company |
| POLICY TERM: | September 9, 2000 to September 9, 2001 |
| COVERAGE: | Special Coverage Form providing coverage for all risks of direct physical loss subject to policy forms, conditions and exclusions, including start-up |
| LOCATIONS | 1. 3020 Roswell Road, Suite 200<br>Marietta, Georgia<br>2. 6703 Bonny Oaks Drive<br>Chattanooga, Tennessee |

| | | |
|---|---|---|
| LIMITS: | $15,000,000. | Buildings and Plant, Location 2 |
| | $ 500,000. | Transit |
| | $ 1,000,000. | Flood and Earthquake, Location 2 |
| | $ 7,000,000. | Installation Floater |
| | $ 10,000. | Contents, Location 1 |
| VALUATION: | Replacement Cost | |
| COINSURANCE: | 90% | Buildings and Plant |
| DEDUCTIBLE: | $10,000. | Per Loss |
| | $25,000 | Flood and Earthquake |
| | $10,000. | Transit |
| | $ 1,000 | Office Contents |
| RATE: | .204 | Per $100 Value |

AUG-01-01 WED 10:08 AM HQ GLOBAL WORKPLACES FAX NO. 615 783 1808 P. 05

Mar-26-01 10:48A P.05

CERTIFICATE OF INSURANCE

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

Xavier Chemical Company
Suite 200
3820 Roswell Road NE
Marietta GA 30062

Producer:
Willis of Tennessee, Inc.
1100 Republic Centre
633 Chestnut Street
Chattanooga TN 37450
(423) 756-7821

Sandra Watson

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS |
|---|---|---|---|---|
| Property | ST2608155 | 09/09/2000 | 09/09/2001 | |

Issuing Carrier: National Union Fire Insurance Company of Pitts

$16,000,000 Limit for Blanket and Building and Contents
$10,000 Deductible and Special Form
Special Form

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

U.S. Army is listed as an additional insured as required by lease #F-102-V-6 07/05/1996; for property leased by the named insured from the U.S. Army located at the Ammunition Plant on Benny Oaks site for General Liability and Automobile Liability.

All coverages are subject to policy terms, conditions and exclusions.

This replaces any previously issued certificates.

CERTIFICATE HOLDER

U. S. Army
c/o ICI Americas, Inc.
P O Box
Chattanooga TN 37421

CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
Michael [signature]

**XAVIER CHEMICAL COMPANY**

**COMMERCIAL AUTOMOBILE**

| | | |
|---|---|---|
| CARRIER: | Greenwich Insurance Company | |
| POLICY TERM: | September 9, 2000 to September 9, 2001 | |
| COVERAGE AND LIMITS: | $1,000,000. | Liability Limit |
| SPECIAL CONDITIONS: | Hired and Non-Owned Liability Extension Included | |

**XAVIER CHEMICAL COMPANY**

**WORKERS COMPENSATION**

CARRIER: XL Specialty Insurance Company

POLICY TERM: September 9, 2000 to September 9, 2001

COVERAGE: Statutory

EMPLOYERS LIABILITY LIMITS:

| | |
|---|---|
| $1,000,000. | Bodily Injury by Accident |
| $1,000,000. | Bodily Injury by Disease/ Each Employee |
| $1,000,000. | Bodily Injury by Disease - Policy Limit |

**EXPOSURE BASIS**

| STATE | CLASSIFICATIONS | CODE | PAYROLLS |
|---|---|---|---|
| GA | Clerical Office Employees | 8810 | $30,000. |
| TN | Clerical Office Employees | 8810 | $30,000. |
| TN | Chemical Mfg. | 4829 | $90,000. |

EXPERIENCE MODIFICATION 1.00

Sales Contract (Insurance Requirements)

those relating to the generation, manufacture, storage, transportation, disposal, release, emission, or discharge of hazardous substances; and (b) those relating to the atmosphere, soil, surface and ground water, wetlands, stream sediments, and vegetation on, under, in, or about the Facility.

7. Xavier shall procure and maintain the following insurance in amounts at least equal to those specified:

| | |
|---|---|
| Workers' Compensation | Statutory |
| Employer's Liability | $1,000,000 each accident or disease, each employee<br>$1,000,000 policy limit |
| Comprehensive General Liability including Contractual Liability, products-completed Operations | $10,000,000 general aggregate |

Certificates of insurance evidencing above coverage shall be made available to SATCO prior to the execution of this Agreement. Any change in or termination of coverage will not be made without thirty (30) days prior notice to SATCO.

SATCO shall have the right to request revisions to the types and limits of insurance at any time during the existence of this Agreement and additional premium expense, if any, shall be borne by SATCO. Xavier must automatically provide to SATCO a current insurance certificate when the previous one expires.

SATCO will be named as an additional insured under Xavier's comprehensive general liability.

8. Xavier shall procure all permits and licenses requisite to the Services Xavier intends to furnish under this Agreement. Xavier will at all times and in all respects comply with all laws, acts, rules, and regulations applicable to the Services to be furnished under this Agreement.

9. SATCO shall pay any and all personal property taxes on the Product and any other taxes, charges and/or assessments on the storage, handling, transportation or use thereof which are properly assessable against SATCO, as owner of the Product, under any local, state, or federal law or ordinance now or later in effect. Xavier shall be responsible for and pay any and all taxes and license fees properly assessable against it for the storage, handling, transportation or performance of other Services on the Product pursuant to this Agreement. Xavier shall immediately notify SATCO of any taxes, charges and/or assessments referred to herein, including any proposed new or increased taxes, charges, or assessments, so that SATCO shall have sufficient time to protest same. Xavier will immediately notify SATCO of any actual or proposed visit or inspection by an employee, agent, or representative of any local, state, or federal authority, for the purpose of verifying any taxes, charges, or assessments against SATCO

FedEx. USA Airbill Express

FedEx Tracking Number 827381872424

Sender's Copy

1 From: August 9, 2001 Sender's FedEx Account Number 1131-6989-3

Sender's Name Xavier Chemical Company Phone (770) 565-6302 (770) 509-2311

Company OLDE MILL EXECUTIVE SUITES

Address 3020 ROSWELL RD STE 200

City MARIETTA State GA ZIP 30062

Your Internal Billing Reference

Recipient's Name Vicki Champion Phone (423) 954-9100

Company Rowland, Slaten and Stevens, Inc.

Address 6236 Airpark Drive

City Chattanooga State Tenn. ZIP 37422

4a Express Package Service

- [x] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver
- [ ] NEW FedEx Extra Hours

4b Express Freight Service

- [ ] FedEx 1Day Freight*
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

5 Packaging

- [x] FedEx Envelope*
- [ ] FedEx Pak*
- [ ] Other Pkg.

6 Special Handling

- [ ] SATURDAY Delivery
- [ ] SUNDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?

- [x] No
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

7 Payment Bill to:

- [x] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages | Total Weight | Total Declared Value $ .00

8 Release Signature

406

Peel and Stick FedEx USA Airbill

See back for application instructions.

Questions? Visit our Web site at fedex.com

or call 1-800-Go-FedEx® (800)463-3339.

0180705074

# XAVIER CHEMICAL COMPANY

August 9, 2001

Vickie,

Please process the enclosed.

Thanks
Ted

w/enc.

3020 Roswell Road, NE • Suite 200• Marietta, GA 30062
TEL: (770) 509-2311 • FAX: (770) 509-2306

Willis

Willis of Tennessee, Inc.
Chattanooga Division
Lockbox
P.O. Box 905647
Charlotte, NC 28290-5647
(423) 756-7821

# INVOICE

| INVOICE DATE |
|---|
| 30-JUN-2001 |
| INVOICE NO. 0244624 |

Xavier Chemical Company
c/o The US Army
P.O. Box 22608
Chattanooga, TN 37422-2608

## DUE DATE

01-AUG-2001

| ACCOUNT | LOCATION | ACCOUNT NAME |
|---|---|---|
| 013214 | 003 | The US Army |

FOR QUESTIONS REGARDING THIS INVOICE, PLEASE CALL ONE OF THE FOLLOWING:
SERVICER Sandra Watson PRODUCER T. Michael Langley, CIC

01 Transaction: Policy Renewal
Eff. Date : 01-AUG-2000
Policy : PEC0004676
Description: Pollution Legal Liability
Period : 01-AUG-2000 to 01-AUG-2003
Carrier : Greenwich Insurance Company
Installment: August 2001
Premium for Env Environmental Impairment $ 14,234.00

Total for Reference 01 $ 14,234.00

Second Annual Installment for ECS/Greenwich Insurance Co. Pollution Liability effective August 1, 2001/2002.

$ 14,234.00

**PLEASE RETURN THIS COPY WITH YOUR PAYMENT**

**XAVIER CHEMICAL CO.**
3020 ROSWELL RD.
STE 200
MARIETTA, GA 30062

1766

DATE August 9, 2001

64-6/610 GA

PAY TO THE ORDER OF Rowland, Slaten and Stevens, Inc. $ 14,234.00

Fourteen thousand two hundred thirty four and 00/100 DOLLARS

**Bank of America.**

ACH R/T 061000052

Greenwich Ins. Company

Policy Renewal - PEC0004676, Aug 2001 Installment

FOR Pollution Legal Liability / Premium Env Environmental Impairment

⑈001766⑈ ⑆061000052⑆ 003251611796⑈

# FAX COVER SHEET

**XAVIER CHEMICAL COMPANY**
*3020 Roswell Road, Suite 200*
*MARIETTA, GEORGIA 30062*
*USA*

*(770) 509 - 2311 phone*
*(770) 509 - 2306 fax*

| **SEND TO** | |
|---|---|
| ROWLAND, SLATEN AND STEVENS | TED J. KOWALSKI, JR. |
| attn: VICKI CHAMPION | |
| (423) 954 - 9444 | |
| AUGUST 9, 2001 | |

☐ Urgent ☐ Reply ASAP ☐ Please comment ☒ Please review ☐ For your information

*Total pages, including cover:* 5 CONFIDENTIAL

**COMMENTS**

ATTACHED IS A COPY OF CHECK & INFO BEING OVERNIGHTED FOR AM DELIVERY. PLEASE FAX ME THE "ROLL OVER " DOCUMENT FOR YOUR FIRM TO REPLACE WILLIS. I WILL RETURN THAT DOCUMENT BY FAX AT OPENING FRIDAY AM. (AS I WILL BE OUT THE REST OF TODAY) . ALSO PLEASE EXPEDITE THE G/L AND RELATED NECESSARY COVERAGES. THANKS.

1766

**XAVIER CHEMICAL CO.**
3020 ROSWELL RD.
STE 200
MARIETTA, GA 30062

DATE August 9, 2001

64-6/610 GA 294

PAY TO THE ORDER OF Rowland Slaten and Stevens Inc. $ 14,234.00

Fourteen thousand two hundred thirty four and 00/100 DOLLARS

**Bank of America.**

ACH R/T 061000052

Greenwich Ins. Company

FOR Policy Renewal - PEC0004676, Aug 2001 Installment Pollution Legal Liability/Premium Env Environmental Impairment

⑈001766⑈ ⑆061000052⑆ 003251611796⑈

7-31-2001 10:50AM FROM TECUMSEH VOAAP 4238557126 P. 4

Willis

Willis of Tennessee, Inc.
Chattanooga Division
Lockbox
P.O. Box 905647
Charlotte, NC 28290-5647
(423) 756-7821

# INVOICE

INVOICE DATE: 30-JUN-2001

INVOICE NO. 0244624

Xavier Chemical Company
c/o The US Army
P.O. Box 22608
Chattanooga, TN 37422-2608

# DUE DATE

01-AUG-2001

| ACCOUNT | LOCATION | ACCOUNT NAME |
|---|---|---|
| 013214 | 003 | The US Army |

FOR QUESTIONS REGARDING THIS INVOICE, PLEASE CALL ONE OF THE FOLLOWING

SERVICER Sandra Watson PRODUCER T. Michael Langley, CIC

01 Transaction: Policy Renewal
Eff. Date : 01-AUG-2000
Policy : PEC0004676
Description: Pollution Legal Liability
Period : 01-AUG-2000 to 01-AUG-2003
Carrier : Greenwich Insurance Company
Installment: August 2001
Premium for Env Environmental Impairment $ 14,234.00

Total for Reference 01 $ 14,234.00

Second Annual Installment for ECS/Greenwich Insurance Co. Pollution Liability effective August 1, 2001/2002.

$ 14,234.00

PLEASE RETURN THIS COPY WITH YOUR PAYMENT

# FAX COVER SHEET

***XAVIER CHEMICAL COMPANY***
*3020 Roswell Road, Suite 200*
*MARIETTA, GEORGIA 30062*
*USA*

*(770) 509 - 2311 phone*
*(770) 509 - 2306 fax*

| *SEND TO* | [redacted] |
|---|---|
| ROWLAND, SLATEN AND STEVENS | *TED J. KOWALSKI, JR.* |
| attn: VICKI CHAMPION | |
| (423) 954 - 9444 | |
| AUGUST 8, 2001 | |

☐ ***Urgent*** ☐ ***Reply ASAP*** ☐ ***Please comment*** ☒ ***Please review*** ☐ ***For your information***

*Total pages, including cover:* 2 CONFIDENTIAL

***COMMENTS*** [redacted]

GOT IT AS I WAS GOING OUT THE DOOR. ANYTHING ELSE, LEAVE ME A VOICE MAIL - I WILL CHECK LATER. IN TOMORROW. THANKS

08/09/01

ECS, INC.

Re: Policy No. 00050015 / PEC0004676
U.S. Army/Xavier Chemical Company
Effective: 8/22/01-8/22/02

To Whom it May Concern:

Please name as my Agency of Record on above policy

RSS Insurance
6236 Airpark Drive
Chattanooga, tn 37422

Ted Kowalski

**HP OfficeJet**
**Personal Printer/Fax/Copier**

**Fax Log Report**

Aug-09-01 01:51 PM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| *9257*14239549444 | OK | 02 | Sent | Aug-09 | 01:50P | 00:00:33 | 002582030022 |

1.20 2.8

# FAX COVER SHEET

Rowland Slaten Stevens, Inc.
P. O. Box 23685
Chattanooga, TN 37422-3685
(423)954-9100 Phone
(423)954-9444 Fax
(888)955-9711 Toll Free

Date: 8/9/01

To: Ted Kowalski

Fax#: 770 509-2306

From: Vickie Champion

Re: __________

This is the first of ____ pages.

Message: Please sign and return

Thanks!
Vickie

08/09/01

ECS, INC.

Re: Policy No. 00050015 / PEC0004676
U.S. Army/Xavier Chemical Company
Effective: 8/22/01-8/22/02

To Whom it May Concern:

Please name as my Agency of Record on above policy

RSS Insurance
6236 Airpark Drive
Chattanooga, tn 37422

Ted Kowalski

**Subject:** **Re: U.S. Army Pollution Coverage**
**Date:** Wed, 15 Aug 2001 07:12:59 -0500
**From:** "Sandra Watson" <watson_sa@willis.com>
**To:** xcc@attglobal.net
**CC:** "T. Michael Langley" <langley_tm@willis.com>

Mr. Kowalski

I am sorry to hear you are placing your coverages elsewhere. I wish you the best in your future business objectives.

Since the First Named Insured on the Pollution policy is the U.S. Army, they are the only ones that can change agents for the policy. Notice of cancellation for nonpayment of premium by Xavier Chemical Company was faxed to them yesterday. The cancellation of Xavier Chemical Company will be effective ten days from receipt of the fax by the U.S. Army. They did confirm receipt of the fax yesterday.

See Frye Letter saying OK

Aug 24

If you have any questions please contact Mike Langley in our office.

Cordially
Sandra Watson

xcc@attglobal.net on 08/14/2001 02:41:39 PM

Please respond to xcc@attglobal.net

To: Sandra Watson/Cht/US/WCG@WCG
cc:
bcc:

Subject: U.S. Army Pollution Coverage

Thank you for your email. This policy remains in place through August 22, 2001. However, we have paid the premium for annual renewal and advised the carrier of a change in agent. Xavier Chemical Company will advise the Army and Mr. Bobby Holloway, the Commanders Representative at VAAP of same. Thank you for all of your help and best wishes for the future. Regards. Ted Kowalski.

The information in this email and in any attachments is confidential and may be privileged. If you are not the intended recipient, please destroy this message, delete any copies held on your systems and notify the sender immediately. You should not retain, copy or use this email for any purpose, nor disclose all or any part of its content to any other person.

**Subject:** U.S. Army - Pollution coverage
**Date:** Tue, 14 Aug 2001 12:57:37 -0500
**From:** "Sandra Watson" <watson_sa@willis.com>
**To:** xcc@attglobal.net

Mr. Kowalski;

The fax would not go through. Payment for Pollution coverage must be received within ten days from this email in order to keep the coverage in place.

Any questions, please contact Mike Langley in our office.

Thank you
Sandra Watson

---

The information in this email and in any attachments is confidential and may be privileged. If you are not the intended recipient, please destroy this message, delete any copies held on your systems and notify the sender immediately. You should not retain, copy or use this email for any purpose, nor disclose all or any part of its content to any other person.

**Subject:** **U.S. Army Pollution Coverage**
**Date:** Tue, 14 Aug 2001 09:45:58 -0500
**From:** "Sandra Watson" <watson_sa@willis.com>
**To:** xcc@attglobal.net

Mr: Kowalski ;

I am sending a fax regarding payment of the above captioned policy, along with a copy to Mr. Bobby Holloway , Commanders Representative at Volunteer Army Ammunitions.

Thank you for your help
Sandra Watson

---

The information in this email and in any attachments is confidential and may be privileged. If you are not the intended recipient, please destroy this message, delete any copies held on your systems and notify the sender immediately. You should not retain, copy or use this email for any purpose, nor disclose all or any part of its content to any other person.

AUG-17-2001 13:38 RSS INC 423 954 9444 P.01/10




Rowland Slaton Stevens, Inc.
P. O. Box 23685
Chattanooga, TN 37422-3685
(423)954-9100 phone
(423)954-9444 fax
Gozalisa@rssins.com

# of pages including cover page __10__

8/17/2001

To: Mr. Kowalski

Company: Xavier Chemical

Fax #: (770)509-2311 2306

Re: Pollution Liability

Mr. Kowalski: Attached please find a pollution application to be completed for a new policy.

I spoke with BCS this morning. Willis will have to request you to be deleted from the Army's policy since they are the named insured and the policy belongs to the Army and we will have to write a new policy. Your coverage with Willis was effective 8/1 not 8/22. We will ask the underwriter to make your new policy effective 8/1 and that they delete you from their policy 8/1. Since they are already familiar with your facility, hopefully the underwriting of the new policy will proceed swiftly.

The underwriter for the property and gl coverage is following up with her carriers this morning to see if we will have a quote today and I will get back with you when I hear from her. Thank you, Lisa Goza

ECS

# ECS UNDERWRITING, INC.

EXTON, PA

## CHEMICAL FACILITIES APPLICATION

**APPLICANT INSTRUCTIONS:**

1. Answer all questions; leave no blank spaces.
2. If any questions do not apply, or the answer is "no", please indicate.
3. If multiple locations, answer the questions that pertain to any of the properties and attach a property schedule that lists location, description and use.
4. Please attach the following information, if available:
   - Past five (5) years loss runs history.
   - Past two (2) years audited financial statements.

(800) 327 -1414 Jan 4 (File)

ECS

AN XL CAPITAL COMPANY

520 Eagleview Boulevard
PO Box 636
Exton, PA 19341-0636
Tel: 800-ECS-1414
Fax: 610-458-8667
www.ecsinc.com

August 28, 2001

Mr. Ted Kowalski
Xavier Chemical Company
3020 Rosswell Road, N.E.
Suite 200
Marietta, GA 30062

RE: CLAIMS REPORTING PROCEDURES

Dear Mr. Kowalski:

Thank you for placing your insurance coverage(s) with ECS Underwriting. We at ECS Underwriting feel that a key element of service to our brokers and insureds is efficient claims handling.

Enclosed please find instructions that should be followed in the event of a claim. Should any problems or questions arise concerning claims reporting procedures, you may contact ECS Claims Administrators, Inc. at 1-800-432-2481.

Sincerely,

Kenneth R. Snyder
Underwriter
Chemical Facilities

Enclosures

C: Ms. Lisa Goza
Rowland Slaten Stevens, Inc.
P.O. Box 23685
Chattanooga, TN 374223685

***ACCOUNT #*** 0005003837




Rowland Slaten Stevens, Inc.
P. O. Box 23685
Chattanooga, TN 37422-3685
(423)954-9100 phone
(423)954-9444 fax

# of pages including cover page __2__

September 6, 2001

To: U.S. Army
Fax #: (770)509-2306

Re: Xavier Chemical Company

From: Vickie Champion

Xavier Chemical has in force pollution liability insurance with ECS Inc. Following is a binder showing coverage limits and the additional insured information. The policy dates are from 8/24/01 through 8/24/02. The policy is in the process of being issued. Normal delivery time is 30 to 60 days from the inception date.

If you have any questions, please give me a call.

423 954 9444 P.01/01

SEP-07-2001 09:31 RSS INC

DATE: 09/07/2001

# ACORD INSURANCE BINDER

THIS BINDER IS A TEMPORARY INSURANCE CONTRACT, SUBJECT TO THE CONDITIONS SHOWN ON THE REVERSE SIDE OF THIS FORM.

BINDER #: 061000703738

PHONE: (423)954-8100
FAX: (423)954-8644

Rowland Slaton Stevens, Inc.
4236 Airpark Drive
P.O. Box 23685
Chattanooga, TN 37422-3685

COMPANY: RCS

EFFECTIVE DATE: 08/24/2001, TIME: 12:01 [X] AM

EXPIRATION DATE: 10/24/2001, TIME: [X] 12:01 AM

THIS BINDER IS ISSUED TO EXTEND COVERAGE IN THE ABOVE NAMED COMPANY PER EXPIRING POLICY #:

DESCRIPTION OF OPERATIONS/VEHICLES/PROPERTY (Including Location)

INSURED: Xavier Chemical Company
1020 Roswell Road N.E.
Suite 200
Marietta, GA 30062

## COVERAGES

| TYPE OF INSURANCE | COVERAGE/FORMS | LIMITS | AMOUNT |
|---|---|---|---|
| GENERAL LIABILITY: [X] OCCUR; [X] POLLUTION LIABILITY | | EACH OCCURRENCE | $ 3,000,000 |
| | | GENERAL AGGREGATE | $ 3,000,000 |

MORTGAGEE / LOSS PAYEE / [X] ADDITIONAL INSURED

NAME & ADDRESS:
U S Army
At Volunteer Army Ammunition Plant
6310 Bonny Oaks Drive
Chattanooga, TN 37416

AUTHORIZED REPRESENTATIVE: Vickie Champion

NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE

TOTAL P.01